IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOSEPH WEIDA** | § |
| | § |
| *Plaintiff,* | § |
| | § CASE NO.  5:21-cv-01038 |
| v. | § |
| | § |
| **STAN KOCH & SONS TRUCKING, INC.** | § |
| | § |
| *Defendant.* | § |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action:

1. *Plaintiff's Original Petition*;

2. *Citation of Service on Defendant Stan Koch & Sons Trucking, Inc.*; and

3. *Defendant's Original Answer*.

Respectfully submitted,

**Cox P.L.L.C.**

By:     */s/ Laura Shelton*
       **Clinton V. Cox, IV**
       State Bar No. 24040738
       ccox@coxpllc.com

       **Laura Shelton**
       State Bar No. 24026157
       **lshelton@coxpllc.com**

8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
469-340-1205 *(office)*
469-340-1884 (*facsimile*)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Texas Rules of Civil Procedure on this the **25th** day of **October 2021**.

                                                        */s/ Laura Shelton*
                                                        Laura Shelton

FILED
10/4/2021 3:39 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

CIT PPS W/JD

## CAUSE NO. 2021CI21030

| | | |
|---|---|---|
| JOSEPH WEIDA, <br> Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT <br> Bexar County - 408th District Court |
| v. | § <br> § | _____ JUDICIAL DISTRICT |
| STAN KOCH & SONS TRUCKING, INC., <br> Defendant. | § <br> § <br> § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

NOW COMES JOSEPH WEIDA, hereinafter referred to by name or as Plaintiff, and complains of STAN KOCH & SONS TRUCKING, INC., hereinafter referred to by name or as Defendant, and for cause of action respectfully shows the court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEX. R. CIV. P.

### PARTIES/SERVICE

2. Plaintiff JOSEPH WEIDA is an individual residing in Bexar County, Texas.

3. Defendant STAN KOCH & SONS TRUCKING, INC. is a corporation authorized to do business in the State of Texas and may be served with process on its registered agent, Cogency Global, Inc., 1601 Elm St., Ste. 4360, Dallas, Texas 75201 or wherever it may be found.

4. Pursuant to RULE 28 of the TEX. R. CIV. P., if any Defendant to this suit has been incorrectly named, it is instructed to answer suit in its proper name.

### JURISDICTION & VENUE

5. Venue is proper in Bexar County pursuant to § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

6. Pursuant to Rule 47 of the TEX. R. CIV. P., this is a cause of action that exceeds $1,000,000.00 in damages and is within the court's jurisdictional limits.

## MISNOMER

7. In the event any Parties are misnamed or not included herein, it is Plaintiff JOSEPH WEIDA's contention that such was a "misnomer" and/or such parties are/were "alter egos" of Parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such Parties properly included in the interest of justice. In the event that the true Parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## FACTS

8. On or about September 19, 2020, Plaintiff JOSEPH WEIDA was unloading a delivery truck as an employee of Best Buy #1549 at 5419 W Loop 1406 N Suite #18, San Antonio, Texas 78253. Simultaneously, an as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC. was inattentively operating the delivery truck in the course and scope of his employment with Defendant STAN KOCH & SONS TRUCKING INC. While the delivery truck was still being unloaded, the as-yet unidentified employee began pulling away from the loading dock, causing Plaintiff JOSEPH WEIDA to fall multiple feet and fall onto the concrete pavement below.

9. As a result of the inattention of the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC., as an agent/employee of Defendant STAN KOCH & SONS TRUCKING INC., in the course and scope of his employment with Defendant STAN KOCH & SONS TRUCKING INC., Plaintiff JOSEPH WEIDA sustained severe injuries and damages to his body, as more fully set forth below.

10. The occurrence made the basis of this suit, as stated above, and Plaintiff's resulting injures and damages were proximately caused by Defendant STAN KOCH & SONS TRUCKING INC.'s negligent conduct.

## CAUSES OF ACTION – STAN KOCH & SONS TRUCKING, INC.

A. *RESPONDEAT SUPERIOR*

11. Defendant STAN KOCH & SONS TRUCKING, INC. was negligent under the theory of *respondeat superior* in that the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC. was acting within the course and scope of his employment with Defendant STAN KOCH & SONS TRUCKING, INC. at the time the incident occurred.

12. Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant STAN KOCH & SONS TRUCKING, INC. were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and were a proximate cause of Plaintiff JOSEPH WEIDA's injuries and damages.

B. *NEGLIGENT ENTRUSTMENT*

13. Defendant STAN KOCH & SONS TRUCKING, INC. was independently negligent by negligently entrusting its vehicle to the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC. when it knew or should have known that the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC. was an unlicensed, incompetent, or reckless driver.

14. Furthermore, the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC. was liable for causing the incident made the basis of this lawsuit and the as-yet unidentified employee's negligence was the proximate cause of Plaintiff JOSEPH WEIDA's injuries.

C. *NEGLIGENT HIRING/RETENTION/TRAINING*

15. Defendant STAN KOCH & SONS TRUCKING, INC. is also negligent in one or more of the following respects:

    a. negligent hiring;

    b. negligent driver qualifications;

    c. negligent training;

    d. negligent supervision and monitoring of the as-yet unidentified employee of Defendant STAN KOCH & SONS TRUCKING INC.;

    e. negligent retention;

    f. negligent contracting;

    g. negligent maintenance;

    h. Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

    i. Defendant placed a driver on the road knowing that the driver was impaired and that such impairment could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

16. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff JOSEPH WEIDA suffered and which Plaintiff will continue to suffer into the future, if not for the remainder of his natural life.

D. *GROSS NEGLIGENCE*

17. Defendant STAN KOCH & SONS TRUCKING, INC.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to

Plaintiff JOSEPH WEIDA. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

18. The acts and/or omissions by Defendant STAN KOCH & SONS TRUCKING, INC. outlined in sections A-C constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) TEX. CIV. PRAC. & REM. CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff JOSEPH WEIDA.

19. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff JOSEPH WEIDA. Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

20. The occurrence made the basis of this suit, as set forth above, and Plaintiff JOSEPH WEIDA's resulting injuries and/or damages, were proximately caused, aggravated, or accelerated by the negligent and/or grossly negligent conduct of Defendant STAN KOCH & SONS TRUCKING, INC.

21. As a direct and proximate result of the collision and the negligent conduct of Defendant STAN KOCH & SONS TRUCKING, INC., Plaintiff JOSEPH WEIDA suffered severe bodily injuries to his neck, back, arms, legs, shoulders, head, and other parts of his body generally. Plaintiff's entire body was bruised, battered, and contused and he suffered great

shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for the remainder of his natural life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of the deterioration throughout his body for a long time into the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

22. As a further result of all of the above, Plaintiff JOSEPH WEIDA has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

23. As a further result of the injuries sustained by the Plaintiff JOSEPH WEIDA, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

24. By reason of all of the above, Plaintiff JOSEPH WEIDA has suffered losses and damages in a sum within the jurisdictional limits of the court for which he now sues.

25. Pursuant to RULE 47 of the TEX. R. CIV. P., Plaintiff JOSEPH WEIDA seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for

judgment for all the other relief to which Plaintiff deems himself justly entitled at the time of filing the suit which, with the passage of time, may change.

## EXEMPLARY DAMAGES

26. The above-referenced acts and/or omissions by Defendant STAN KOCH & SONS TRUCKING, INC. constitute malice as that term is defined in § 41.001(7)(B) of the TEX. CIV. PRAC. & REM. CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff JOSEPH WEIDA. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

27. Defendant STAN KOCH & SONS TRUCKING, INC.'s acts or omissions described above, when viewed from the standpoint of the Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff JOSEPH WEIDA and others.

28. Defendant STAN KOCH & SONS TRUCKING, INC., had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff JOSEPH WEIDA and others.

29. Therefore, for such malice on behalf of Defendant STAN KOCH & SONS TRUCKING, INC., Plaintiff JOSEPH WEIDA sues for exemplary damages in an amount to be determined at trial.

## INTEREST

30. Plaintiff JOSEPH WEIDA further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## JURY DEMAND

31. In accordance with RULE 216 of TEX. R. CIV. P., Plaintiff JOSEPH WEIDA hereby makes application for a jury trial and requests that this cause be set on the court's jury docket. Plaintiff has made payment of the required jury fee.

## REQUEST FOR DISCLOSURE

32. Pursuant to RULE 194 of TEX. R. CIV. P., Defendant STAN KOCH & SONS TRUCKING, INC., is requested to disclose the information and material described in each section of RULE 194.2.

## NOTICE OF SELF-AUTHENTICATION

33. Pursuant to RULE 193.7 of TEX. R. CIV. P., Defendant STAN KOCH & SONS TRUCKING, INC., is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that Party in any pretrial proceeding or at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOSEPH WEIDA requests that Defendant STAN KOCH & SONS TRUCKING, INC. be cited to appear and answer, and on final trial thereafter, that Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of the court, together with all pre-judgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled, at law and in equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;

3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest
16. Property damage; and
17. Exemplary damages.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
P.O. Box 696025
San Antonio, Texas 78269
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Miguel L. Hernandez
State Bar No. 24090161
*email: mlhernandez-svc@thomasjhenrylaw.com
*service by email to this address only
ATTORNEY FOR PLAINTIFF JOSEPH WEIDA

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Miguel Hernandez on behalf of Miguel Hernandez
Bar No. 24090161
MLHERNANDEZ-SVC@THOMASJHENRYLAW.COM
Envelope ID: 57856896
Status as of 10/5/2021 8:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Miguel Hernandez | | mlhernandez@thomasjhenrylaw.com | 10/4/2021 3:39:47 PM | SENT |
| Diego Quintero | | dquintero@thomasjhenrylaw.com | 10/4/2021 3:39:47 PM | SENT |

ON TIME PROCESS
1-800-274-5604
10-14-21 'AMC
date  time

PRIVATE PROCESS

Case Number: 2021CI21030

Joseph Weida VS Stan Koch & Sons Trucking, Inc.
(Note: Attached Document May Contain Additional Litigants)

IN THE **408TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

CITATION

"THE STATE OF TEXAS"

Directed To: **STAN KOCH & SONS TRUCKING, INC.**
**BY SERVING ITS REGISTERED AGENT COGENCY GLOBAL INC**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** was filed **on this the 4th day of October, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 8th day of October, 2021.

**MIGUEL LUIS HERNANDEZ**
**ATTORNEY FOR PLAINTIFF**
**PO BOX 696025**
**SAN ANTONIO TX 78269-6025**



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Jason Pastrano
Jason Pastrano, Deputy

---

| JOSEPH WEIDA VS STAN KOCH & SONS TRUCKING, INC. | Case Number: 2021CI21030 |
| --- | --- |
| | 408th District Court |

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock ____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
Declarant

PRIVATE PROCESS

Case Number: 2021CI21030

Joseph Weida VS Stan Koch & Sons Trucking, Inc.
(Note: Attached Document May Contain Additional
Litigants)

IN THE **408TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   **STAN KOCH & SONS TRUCKING, INC.**
               **BY SERVING ITS REGISTERED AGENT COGENCY GLOBAL INC**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** was filed **on this the 4th day of October, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 8th day of October, 2021.

**MIGUEL LUIS HERNANDEZ**
**ATTORNEY FOR PLAINTIFF**
**PO BOX 696025**
**SAN ANTONIO TX 78269-6025**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

San Antonio, Texas 78205
By: /s/ Jason Pastrano
Jason Pastrano, Deputy

---

**JOSEPH WEIDA VS STAN KOCH & SONS TRUCKING, INC.**

Case Number: 2021CI21030
408th District Court

### Officer's Return

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock ____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: _____

_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
Declarant

CAUSE NO. 2021CI21030

| | | |
|---|---|---|
| JOSEPH WEIDA | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| STAN KOCH & SONS TRUCKING, INC. | § | |
| | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant **STAN KOCH & SONS TRUCKING, INC.** in the above-styled and numbered cause, and file this Original Answer and would respectfully plead as follows:

## I.
## GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

## II.
## AFFIRMATIVE DEFENSES

2. Defendant contends that the alleged accident made the basis of this lawsuit and the alleged damages, if any, were caused by the negligence of persons or third-parties over whom Defendant has no control, and for whom Defendant is not in law responsible. Such negligence was the sole cause or, alternatively, a proximate cause of the alleged occurrence in question and the alleged damages, if any.

3. Pleading further, Defendant raises the affirmative defense of proportionate responsibility pursuant to Tex. Civ. Prac. & Rem. Code §33.001. Specifically, Defendant would show that at the time and on the occasion in question, Plaintiff Joseph Weida failed to exercise that

degree of care and caution that would have been exercised by a person of ordinary prudence, under the same or similar circumstances. Accordingly, Joseph Weida's acts and/or omissions constitute negligence, and such negligence was the sole cause, or in the alternative, a proximate cause of the accident in question, and the damages and injuries, if any, sustained by Plaintiff herein. Therefore, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendant.

4. Pleading further, and in the alternative, Defendant would show the damages alleged in Plaintiff's Petition, if any, were the result of a superseding and/or independent intervening cause, and Plaintiff cannot therefore provide a basis for any recovery against Defendant.

5. Defendant affirmatively pleads that this was an unavoidable accident.

6. Further answering, if same be necessary, and without waiving any of the matters hereinabove asserted, Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.

7. Defendant hereby pleads that Plaintiff's damages, if any, were caused by an intervening cause, and/or new and independent cause which broke any causal connection between Defendant's acts and/or omissions and Plaintiff's damages. The intervening cause, and/or new independent cause was unforeseeable and a superseding cause of Plaintiff's damages, if any. Therefore, Defendant is not liable for such damages.

8. Defendant further invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability.

Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

9. Defendant further invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10. Defendant further affirmatively pleads that Plaintiff failed to mitigate his claimed damages.

11. Pleading further, Defendant would show that Plaintiff is not entitled to an award of exemplary damages, unless the Plaintiff proves by clear and convincing evidence that Defendant acted with malice.  Tex. Civ. Prac. & Rem. Code §41.003(a).

12. Defendant also requests that the Plaintiff prove the necessary requirements to establish a cause of action for exemplary damages as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.  Further, prejudgment interest may not be recovered on an award of exemplary damages pursuant to §41.007 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff claims punitive damages against Defendant, an award of punitive damages against it, without any cap or limit whatsoever placed upon the amount of punitive damages which may be awarded, would violate its rights to due process as guaranteed by the 14th Amendment to the United States Constitution by Article I, Section 19 of the Texas Constitution, as well as by the public policy and common law of this State.

13. Defendant also invokes the defense of burden of proof, as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendant maintains that Plaintiff does not state a viable claim for the imposition of punitive damages.

14. Defendant invokes the protections and limitations of Texas Finance Code sections 304.103, 304.1045, and 304.003, relating to any award of pre- and/or post-judgment interest.

15. Defendant reserves the right to amend or supplement this Answer, at a later time in the proceedings.

### III.
### REQUEST FOR DEPOSITIONS

16. Should this matter not be dismissed or adjudicated by preliminary motion, Defendant hereby requests dates for the depositions of Plaintiff, Plaintiff's family and friends, treaters, and experts, as well as any accident or pre-accident witnesses. Defendant envisions such depositions will need to be taken after reasonable time for written discovery, including Defendant being provided, or seeking through subpoena, the relevant records related to this accident and Plaintiff's alleged damages. Defendant and Defendant's witnesses will be presented for deposition after Plaintiff's depositions.

### IV.
### NOTICE OF INTENT

17. Defendant hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

### VI.
### PRAYER

Defendant respectfully prays that Plaintiff takes nothing, assess costs against the Plaintiff, and request such other and further relief, at law or in equity, both general and special,

at law and in equity, to which Defendant may show itself justly entitled to receive and for which Defendant shall ever pray.

        Respectfully submitted,

        **Cox P.L.L.C.**

By:    */s/ Clinton V. Cox, IV*
        **Clinton V. Cox, IV**
        State Bar No. 24040738
        ccox@coxpllc.com

        **Laura Shelton**
        State Bar No. 24026157
        **lshelton@coxpllc.com**

8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
469-340-1205 *(office)*
469-340-1884 (*facsimile*)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Texas Rules of Civil Procedure on this the **25th** day of **October 2021**.

                                             */s/ Laura Shelton*
                                             Laura Shelton